THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE CITY OF NEW YORK, Appellant, *v.* ALBERT L. VORIS and Others, as Assessors of the Town of Somers, Westchester County, New York, Respondents.   (Taxes of 1916.)

Second Department, April 13, 1923.

**Taxation — review of assessment — assessment cannot be increased on review — effect of finding that assessment was too low amounted to confirmation of assessment made — costs against petitioner.**

On proceedings to review the assessment of real property for taxation the court has no power to increase the assessment; it must either decrease it or confirm it as made.

Accordingly, a judgment increasing the assessment will be modified and the assessment as made confirmed, with costs against the petitioner.

KAPPER, J., dissents, with memorandum.

APPEAL by the relator, The City of New York, from a final order of the Supreme Court, made at the Westchester Special Term in a certiorari proceeding brought to review the action of the respondents in assessing for taxation the real property of the relator in the town of Somers, Westchester county, N. Y., and entered in the office of the clerk of the county of Westchester on the 14th day of October, 1922, upon the report of a referee and the decision of the court, correcting such assessment.

*I. J. Beaudrias [George P. Nicholson, Corporation Counsel,* with him on the brief], for the appellant.

*Henry R. Barrett,* for the respondents.

JAYCOX, J.:

This is a proceeding brought by the city of New York against the assessors of the town of Somers to review the assessment of the property of the city of New York made by the assessors in said town for the year 1916.   All of the questions involved in this action except one have been discussed in *People ex rel. City of New York* v. *Keeler* (205 App. Div. 467), decided herewith, and do not require further discussion herein.

The question peculiar to this case is this: The lands of the relator in the town of Somers were assessed at the sum of $744,158.80, and the relator claimed that the premises were overvalued by the sum of $367,900.80.   The referee found that the total value of the relator's lands was $964,158.80.   He also found that the ratio of assessed value to true value was eighty per cent.   He, therefore, fixed as the amount at which the relator's premises should be

assessed eighty per cent of their full value, or $771,327.04, an increase of assessment of $27,168.24. The report of the referee has been confirmed by the Special Term. Neither the referee nor the Special Term had power to increase the assessment. (*People ex rel. Kemp R. E. Co.* v. *O'Donnel,* 198 N. Y. 48, 52.) In that case the court said: " When the charter says, in section 896,* that the board of taxes and assessments shall not increase the valuations after the books of annual record are opened for correction and review, except upon notice to the individual or corporation affected by the increase, it clearly implies that the taxpayer may rely with confidence upon the proposition that his assessment will not be augmented in any respect without his knowledge and an opportunity to object. When he takes the assessment into court, asking for a reduction thereof, there is nothing in his action which implies a consent to have the assessment increased or a willingness to litigate that question, nor can the action of the commissioners of taxes and assessments in resisting his application for a reduction reasonably be construed into a notice from them that they will ask for an increase."

That decision is applicable to the situation here presented. The assessors in the country prepare their assessment roll and, when completed, leave it with one of their number and advertise the fact. After the assessment roll has thus been open for inspection a certain length of time, a day is fixed by law when the assessors shall meet and hear grievances. At that time any one dissatisfied with the assessment may come before the assessors and make his complaint. So that the procedure is quite analogous to that in the city, and I think that after the regular procedure has been gone through with and a proceeding brought to review the decision of the assessors, the amount of the assessment cannot be increased. There is nothing about the procedure to indicate any such purpose. The procedure, of course, is different from that in an ordinary certiorari proceeding where the decision of some minor judicial officer or quasi-judicial officer is reviewed by the court. There the decision is based entirely upon the record as made before the officer whose decision is reviewed. Here, in addition to the tax roll and the return, the court takes evidence and makes a decision based not upon the proceedings before the taxing officers, but upon the evidence taken before it. The evidence, however, is not addressed to what is the proper amount of the assessment, but is addressed to the proposition asserted by the relator — that the assessment is erroneous, and the evidence offered by the relator is given with a

---

* Greater New York charter (Laws of 1901, chap. 466), § 896. Since amd. by Laws of 1911, chap. 455.— [REP.

view of demonstrating the error in the previous assessment; while the evidence given by the respondents is given for the purpose of supporting the previous assessment and not for the purpose of procuring a new decision more unfavorable to the relator. In the statute in effect at the time the order appealed from was made, it is provided that if the assessment shall be confirmed, costs and disbursements shall be awarded against the petitioner. (See Tax Law, § 294, as amd. by Laws of 1920, chap. 649.) The assessment herein was not reduced. On the contrary, the referee thought it too low. I think his decision must be considered a confirmation and that costs were correctly awarded against the petitioner.

I recommend that the final order be modified by reducing the assessed valuation of the relator's lands to the sum for which they were originally assessed, to wit, $744,158.80, and as modified affirmed, without costs.

KELLY, P. J., and YOUNG, J., concur; KAPPER, J., dissents in separate memorandum.

KAPPER, J. (dissenting):

I dissent on the ground that assessments on specific properties were increased by the referee and the Special Term, contrary to the ruling in *People ex rel. Kemp R. E. Co. v. O'Donnel* (198 N. Y. 48).

Final order modified by reducing the assessed valuation of the relator's lands to the sum for which they were originally assessed, to wit, $744,158.80, and as so modified affirmed, without costs.